# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| LORAS L. STEINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-4012 |
| | ) | |
| DONALD P. WELVAERT, *Mayor of Moline, Illinois,* JEFF TERRONEZ, *Rock Island County States' Attorney*, LISA MADIGAN, *Illinois Attorney General,* KIM HANKINS, *Chief of Moline Police Department*, JEROME PATRICK, *Captain of Moline Police*, TREVOR FISK, *Captain of Moline Police*, TIMOTHY WALTMAN, *Moline Police Officer*, SCOTT WILLIAMS, *Moline Police Officer*, MARK SENKO, *Rock Island County Assistant States Attorney*, FRANK R. FUHR, *Judge*, PHILLIP KOENIG, *Attorney of Law*, JOHN DOAK, *Attorney of Law,* TOM GOCHANOUR, *Moline Crime Watcher and Petitioner in Case # 10 OP 599 and 10 OP 600*, LINDA GOCHANOUR, *Moline Crime Watcher and Petitioner in Case # 10 OP 599 and 10 OP 600*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>O R D E R   &   O P I N I O N</u>

Before the Court is Plaintiff's Complaint (Doc. 1), Motion for Leave to Proceed in forma pauperis (Doc. 3), Affidavit Accompanying Motion to Proceed in forma pauperis (Doc. 5), and Motion for Appointment of Counsel (Doc. 2). Plaintiff seeks to file claims against over sixteen defendants for alleged violations of his constitutional rights. Pursuant to 28 U.S.C. § 1915(e)(2), prior to ruling on

Plaintiff's Motion for Leave to Proceed in forma pauperis, the Court may screen the Complaint to determine whether the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike . . . . The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim."). To avoid dismissal for failure to state a claim, Plaintiff must "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although the Court must accept factual allegations complained of in the Complaint as true*, id.*, and liberally construe *pro se* pleadings, *Erickson v. Pardus*, 555 U.S. 89, 94 (2007), the Court determines that Plaintiff fails to properly state any claim. Based upon Plaintiff's four pages of rambling allegations, the Court cannot determine the basis for Plaintiff's federal Complaint. It appears that Plaintiff may be unhappy with some sort of state court order. (Doc. 1 at 7-11). If this is the case, his appropriate forum is the state appellate court system, not this Court. Because the Court cannot construe any claim from Plaintiff's Complaint, no defendant would be given fair notice of the claims against him, and the Complaint must be DISMISSED.

In addition, Petitioner has submitted a Motion to Proceed in forma pauperis. (Doc. 3). Because the Court could not determine Plaintiff's indigency from his

original Motion, it ordered him to complete a supplemental affidavit by April 5, 2011. (Text Order of 3/17/2011). Plaintiff has completed the required affidavit, and it is now before the Court. (Doc. 5). Title 28 U.S.C. § 1915 allows any person to proceed in Federal Court without the prepayment of fees provided that an affidavit is submitted showing that the litigant in incapable of payment. This affidavit must include:

> a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal, and affiant's belief that the person is entitled to redress.

*Id.* at § 1915(a)(1).

According to Plaintiff's Supplemental Affidavit Accompanying Motion to Proceed in forma pauperis (Doc. 5), Plaintiff has a total monthly income of $1,285.00 which he gathers from social security and public assistance. (Doc. 5 at 2). The Court finds that with this amount of monthly income, Plaintiff is capable of paying applicable filing fees. Accordingly, his Motion to Proceed in Forma Pauperis (Doc. 3) is DENIED. If Plaintiff wishes to file another complaint in this Court, he must first pay the applicable filing fee.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 3) is DENIED, and his Complaint is DISMISSED for failure to state a claim. Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. 2) is rendered MOOT. IT IS SO ORDERED.

CASE TERMINATED.


Entered this 5th day of April, 2011.


                                                      s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                      United States Senior District Judge